UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-cr-00299-JPH-TAB |
| | ) | |
| ROYEON SPELLS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On January 21, 2026, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on November 7, 2024.  Defendant Spells appeared in person with his appointed counsel from the Federal Community Defender Joe Cleary.  The Government appeared by Assistant United States Attorney Michelle Brady.  U.S. Probation appeared by Officer Brent Witter.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Spells of his rights and ensured he had a copy of the Petition.  Defendant Spells waived his right to a preliminary hearing.

2.      After being placed under oath, Defendant Spells admitted to violation 3 in the Petition.  Government orally moved to withdraw violation numbers 1 and 2, which motion was granted by the Court such that alleged violations 1 and 2 in the Petition were dismissed.

3.      The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|

**3** **""You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."**

On September 27, 2024, Mr. Spells submitted a urine sample that was later confirmed positive for Oxycodone on October 28, 2024. The Court was previously advised Mr. Spells tested positive for marijuana on May 1, 2024, July 24, 2024, and August 30, 2024.

4.    The parties stipulated that:

(a)    The highest grade of violation is a Grade B violation.

(b)    Defendant's criminal history category is III.

(c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months of imprisonment.

5.    The parties jointly recommended a sentence of 12 months of incarceration with no supervised release to follow.

6.    The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a) to the extent deemed appropriate by 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions as admitted in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or her designee for a period of 12 months with no supervised release to follow.

7.    The Government agreed that Defendant has already served fourteen months in custody for a state charge of which he was ultimately acquitted.  The Government also agreed that the time Defendant spent in state custody would apply here.  That said, the Government argued that the BOP, not the sentencing court, should make that official calculation.  Counsel for

Defendant disagreed and requested Defendant's immediate release, pending potential objection by the Government to the District Judge should it reserve its right to do so.

8.      Since the Government agrees that Defendant has already served fourteen months in custody for a state charge of which he was ultimately acquitted and the Government also agrees that the time Defendant spent in state custody applies to the twelve month sentence here, the Court agrees with counsel for the Defendant that the Defendant shall be immediately released pending potential objection by the Government to the District Judge.

9.      Both the Government and the Defendant ultimately waived the fourteen-day period to object to the District Judge.  The Parties are hereby notified that the District Judge may reconsider any matter referred to a Magistrate Judge.

10.     Defendant is released pending the District Judge's action on this Report and Recommendation.  The Court confirmed with Defendant that he understands that if he is ordered to report to the BOP or to this Court for any reason, he shall promptly do so.

Date: 1/21/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

3